UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA BAMMERT,

    Plaintiff,

vs.                            Case No. 8:05-cv-537-T-EAJ

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

**FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3)(1994), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for disability insurance benefits.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1] The parties have consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (Dkt. 8).

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

In her application, Plaintiff alleges the onset of disability beginning on April 24, 2002. (T 36-38) Thirty-seven years old at the time of the ALJ's decision, Plaintiff

has a high school education and some vocational training in data processing. (T 52) Her past relevant work experience includes employment as an account clerk for a wholesale supply company, a customer service clerk for a retail drug store, and a clerical/customer service worker for an advertising agency. (T 47)

A hearing was held before the ALJ on August 19, 2004. (T 344) In a decision issued October 3, 2004, the ALJ found that Plaintiff had not engaged in substantial gainful employment since her alleged onset date. (T 15) The ALJ also found that Plaintiff's allegations were not totally credible in light of the objective medical evidence, and found discrepancies between her assertions and the documentary record. (T 14-15) Additionally, the ALJ found that Plaintiff has the residual functional capacity for light work and that her alleged depression was not severe and would not diminish her residual functional capacity. (T 15)  Because Plaintiff's medically determinable degenerative disc disease, chronic low back pain, and obesity would not prevent plaintiff from performing her past relevant work, the ALJ found that Plaintiff was not disabled. (T 15)

On March 11, 2005, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T 3-6)

Plaintiff argues that (1) the Commissioner erred by failing to adequately evaluate Plaintiff's alleged pain and (2) the Commissioner did not adequately address the effect of Plaintiff's obesity on her medical condition  (Dkt. 13 at 6-11).

The medical evidence has been summarized in the decision of the ALJ, and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.**   Plaintiff argues that the ALJ erred by failing to adequately evaluate her subjective complaints of pain because the ALJ did not make any specific findings as to whether Plaintiff's diagnosed impairments could reasonably be expected to cause the alleged pain at a level that would create a legal disability.

When evaluating subjective complaints of pain, the Eleventh Circuit applies a three-part "pain standard." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). This standard requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give

4

rise to the alleged pain." Id. If a plaintiff satisfies the first prong of the standard by demonstrating that a underlying medical condition exists, he or she may establish the existence of a disability by *either* providing objective medical evidence to confirm the claims of pain, i.e. muscle shrinking, or by demonstrating that the medical condition could legitimately give rise to disabling pain. Elam v. Railroad Retirement Board, 921 F.2d 1210, 1215 (11th Cir. 1991).

Rejection of the subjective claims of pain must be supported by substantial evidence, see, e.g., Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002), and the ALJ must clearly demonstrate that he or she has applied the Eleventh Circuit pain standard. Holt, 921 F.2d at 1223. Furthermore, if the ALJ discredits Plaintiff's subjective complaints of pain, the ALJ must "articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). It is not necessary for the ALJ to "cite particular phrases or formulations" in making a credibility determination, but he or she must not merely issue "broad findings" that the plaintiff lacks credibility "to conclude that the [ALJ] considered [the plaintiff's] medical condition as a whole." Id. (citing Jamison v. Bowen, 814 F.2d 585, 588-90 (11th Cir. 1987).

5

In Dyer, the Eleventh Circuit affirmed the ALJ's rejection of the plaintiff's subjective claims of pain, finding that his decision was supported by substantial evidence. Dyer, 395 F.3d at 1212. In that case, the ALJ considered the plaintiff's subjective complaints of pain, the medications the plaintiff had taken for the pain, and the plaintiff's activities of daily living. Id. at 1211. The plaintiff's complaints and treatments for pain were inconsistent as he went for weeks and month without treatment. Id. Additionally, the pain medication that had been prescribed to the plaintiff was intended to treat moderate rather than severe pain. Id.

The ALJ in Dyer also found the plaintiff was able to "perform substantial gainful activity at a medium exertion level" after suffering the injury that was claimed to be the basis of the disability. Id. The Eleventh Circuit found that these specific circumstances provided substantial evidence sufficient to find that the plaintiff's pain was not disabling under the Eleventh Circuit's pain standard. Id. at 1212.

However, in Elam, the Eleventh Circuit held that the defendant's evaluation of the plaintiff's pain complaints was insufficient and the decision failed to provide "explicit and adequate" reasons for discrediting the plaintiff's testimony.

6

Elam, 921 F.2d at 1217, (quoting Cannon v. Bowen, 858 F.2d 1542, 1545 (11th Cir. 1988)).  There the plaintiff offered testimony that the pain in his back and legs made it impossible for him to walk or sit for extended periods.  Id.  Additionally, his treating physician, an orthopedist, and a vascular specialist who conducted a cumulative examination, both concluded that the plaintiff's back and leg pain was disabling.  Id.  The Eleventh Circuit held that the combined testimony of the plaintiff and the two physicians, if credited, would have been sufficient to satisfy the third prong of the pain standard.  Id.  The administrative finding merely stated that "all other doctors who offered opinions concluded that the [plaintiff] could engage in some level of light or sedentary work."  Id.  The Eleventh Circuit found that this generalized statement was not sufficient to refute the evidence of debilitating pain.  Id. [2]

Determining whether the Commissioner appropriately evaluated a plaintiff's complaints of pain is, of course, a case-by-case determination.  However, the Dyer and Elam cases offer an interesting comparison.

---

[2] Although Elam involved a denial of disability benefits by the Railroad Retirement Board, it has been followed and applied in the Eleventh Circuit in cases arising under the Social Security Act. See, e.g., Wilson, 284 F.3d at 1226; Lewis v. Barnhart, No. 04-2443, WL 60662, at *3-4 (N.D. Ala. Jan. 11, 2006).

In the instant case, the ALJ concluded that the objective medical records simply did not support Plaintiff's allegations of an impairment severe enough to be considered disabling, citing inconsistencies between Plaintiff's claims and the medical records presented. (T 14) Specifically, the ALJ noted that Plaintiff's claims of disabling back pain were inconsistent with the medical records that demonstrated that she suffered only mild degenerative changes and minor disc bulging. (T 14) Furthermore, the ALJ found it significant that Plaintiff had admittedly received relief of her symptoms through acupuncture and Methadone treatments. (T 14) These treatments were significant enough to allow her to perform her daily activities. (T 14) While her chiropractor, Dr. Pollack, did opine that Plaintiff's injuries were disabling, the ALJ correctly declined to give Dr. Pollack's assessment great weight because a chiropractor is not considered an acceptable medical source pursuant to 20 CFR § 404.15113(a). (T 14) Additionally, two State Agency physicians examined Plaintiff, and both concluded that Plaintiff had a residual functional capacity for light work. (T 13)

Thus, the ALJ articulated specific reasons for rejecting the claims of subjective pain, including the impact of treatment on Plaintiff's daily living and the inconsistencies between her claims of pain and the objective medical evidence.

Further, the ALJ indicated that he considered all medical opinions in establishing his findings. (T 14)

While the ALJ did not articulate the basis for the rejection of the subjective claims of pain with as great a degree of specificity as found in <u>Dyer</u>, his decision to do so was supported by substantial evidence. In addition, although the ALJ did not expressly enumerate the individual prongs of the "pain standard," the language included in the decision implicitly indicates that the elements were considered in his decision. <u>See</u> <u>e.g.</u> <u>Wilson</u>, 284 F.3d at 1226. Therefore, issue one does not entitle Plaintiff to relief.

**B.**     Additionally, Plaintiff claims that the ALJ did not properly consider the impact of her obesity in combination with the back pain.

Social Security regulations require the Commissioner to consider the combined effects of all of a claimant's impairments, regardless of whether or not the impairments are individually sufficient to qualify the claimant as disabled. <u>Clifford v. Apfel</u>, 227 F.3d 863, 873 (7th Cir. 2000)(citing 20 C.F.R. § 404.1523). Obesity should be considered in conjunction with a claimant's other impairments when evaluating a disability claim. <u>Sienkiewicz v. Barnhart</u>, 409 F.3d 798, 803 (7th Cir. 2005)(citing <u>Clifford</u> 227 F.3d at

9

873) see also Soc. Sec. Ruling 02-1p.[3] However, consideration of the effects of obesity on other ailments may be inferred from the record, and the ALJ need not explicitly consider the Plaintiff's obesity in his or her ruling, provided the record reflects acknowledgment and consideration of the condition. Rutherford v. Barnhart, 399 F.3d 546, 552-53 (3d Cir. 2005). Additionally, the language used by the ALJ in his or her findings may provide a clear indication that the combined effect of the plaintiff's impairments was considered, despite an express statement as to what impact that any one impairment had on the ALJ's decision. Wilson, 284 F.3d at 1224-1225.

Although Plaintiff did not offer any evidence as to the impact that her obesity may have had on her residual functional capacity, the medical records the ALJ reviewed clearly indicated the existence of the condition, including its exacerbation of her back pain. (T 149, 183)  The ALJ acknowledged that the medical evidence indicated that Plaintiff suffered from obesity. (T 13)  Additionally, the ALJ expressly found Plaintiff's obesity to be a "severe"

---

[3] Social Security rulings do not have the effect of law. Wagner v. Finch, 413 F.2d 267, 268 (5th Cir. 1969); see Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) (decisions issued by the Fifth Circuit prior to October 1, 1981 are binding precedent on the Eleventh Circuit).

impairment, but determined that none of her impairments, including her obesity, would prevent Plaintiff from performing her past relevant work. (T 15)

In Rutherford, the plaintiff argued that the ALJ erred by neglecting to consider the plaintiff's obesity. 399 F.3d at 552. Although the plaintiff in Rutherford did not specifically raise her obesity as an impairment, the medical records reviewed by the ALJ clearly indicated her condition. Id. In that case, the Third Circuit held that because the ALJ relied on a significant volume of medical evidence as the basis for his decision, it was not necessary for him to explicitly consider the plaintiff's obesity, and that the ALJ's adoption of the conclusions of the plaintiff's physicians (who were aware of the plaintiff's obesity) was a "satisfactory if indirect" consideration of her condition. Id. at 553 (following Skarbek v. Barnhart, 390 F.3d 500 (7th Cir. 2004)).

In the instant case, the ALJ specifically referenced Plaintiff's obesity in both the evaluation of the evidence and the formal list of findings. (T 13, 15). The opinions of both the consulting physicians recognized Plaintiff's obesity, yet still determined that she could undertake light work. (T 149, 183-185). Furthermore, while Plaintiff did offer testimony with regard to her weight, she offered no

11

evidence as to the impact of her weight on her other impairments, and in fact, testified that losing weight did not alleviate any of her pain. (T 358).

The express language of the ALJ's decision, along with the volume of medical evidence relied upon by the ALJ, indicate that the ALJ properly considered the combined effect of Plaintiff's obesity with her other ailments. Therefore, this issue does not entitle Plaintiff to relief.

<u>Conclusion</u>

Accordingly and upon consideration, it is ORDERED that:

(1) The decision of the Commissioner be **AFFIRMED**. The Clerk of the Court shall enter final judgment in accordance with 42 U.S.C. § 405 (g) and close the file, with each party bearing his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this 6th day of March, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge